Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| Jennifer Mitchell,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC; and Outsource Receivables Management,<br><br>　　　　　　Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681,** *ET SEQ.*<br><br>**CASE NO.:** 1:20-cv-00070-DAK<br><br>**JUDGE: Dale A. Kimball**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Jennifer Mitchell ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Equifax Information Services, LLC ("Equifax") and Outsource Receivables Management ("Outsource") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Defendants failed to properly investigate Plaintiff's dispute, damaging Plaintiff's creditworthiness.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Weber, State of Utah.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

9. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

10. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendants were the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Defendants are liable to Plaintiff or the relief prayed for herein.

## JURISDICTION AND VENUE

11. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

12. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Weber, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Defendant Equifax is a limited liability company doing business in the State of Utah.

15. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

16. Defendant Outsource is an entity doing business in the State of Utah.

17. The creditor named herein, Outsource, is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

## GENERAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of Utah.

19. At all times relevant, Defendants conducted business in the State of Utah.

20. On or about October 2018, Plaintiff's alleged debt was assigned, transferred, and/or sold to Outsource, with an account number beginning in 1105, related to a medical debt (the "Account").

21. On or about May 23, 2019, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah pursuant to 11 U.S.C. § 1301 *et seq.* in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 19-23742 (the "Bankruptcy").

22. Plaintiff's obligations to Outsource (the "Debt") were scheduled in the Bankruptcy and Defendants received notice of the Bankruptcy.

23. Plaintiff received a discharge on September 11, 2019.

24. Accordingly, any debt that was not reaffirmed to Outsource was discharged through the Bankruptcy on September 11, 2019.

25. Outsource did not file any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

26. Outsource also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

27. Outsource was listed in the schedule of creditors sent the discharge order when the Bankruptcy was discharged.

28. Accordingly, the Debt to Outsource was discharged through the Bankruptcy.

29. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

30. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

31. It is illegal and inaccurate for Defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

32. However, Defendants either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

### *Defendants' Inaccurate Reporting of the Account on the Equifax Credit Report*

33. In Plaintiff's Equifax credit report dated November 12, 2019 (the "Equifax Credit Report"), Equifax and Outsource failed to report accurate information on the Account.

34. While Outsource reported the status of the Account as "in Bankruptcy", Outsource still reported a balance amount of $170 as of November 2019.

35. Due to Plaintiff's bankruptcy filing on May 23, 2019 and discharge on September 11, 2019, Defendants were required to report the Account with a status of included in bankruptcy with a $0 balance amount.

36. It was therefore inaccurate for Outsource to report that the Account contained a balance amount of $170 as of November 2019 on Plaintiff's Equifax Credit Report.

### *Plaintiff's Dispute*

37. On or after December 3, 2019, Plaintiff disputed Equifax's reporting regarding the Account pursuant to 15 U.S.C. § 1681i by notifying Equifax, in writing, of the incorrect and inaccurate credit information.

38. Specifically, Plaintiff sent a letter certified return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected as to the Account.

39. Equifax was required to conduct an investigation into the Account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

40. Equifax was required to send notice of Plaintiff's dispute to Outsource pursuant to 15 U.S.C. § 1681i(a)(2).

41. Upon information and belief, Equifax timely notified Outsource of Plaintiff's dispute.

42. Upon information and belief, Outsource received notice of Plaintiff's dispute as to the reporting of the Account on the Equifax Credit Report.

43. A reasonable investigation by Equifax would have indicated that it was reporting the Account inaccurately on the Equifax Credit Report.

44. A reasonable investigation by Outsource would have indicated that it was reporting the Account inaccurately on Plaintiff's Equifax Credit Report.

45. Outsource failed to conduct a reasonable investigation despite receiving notice of Plaintiff's bankruptcy from the Bankruptcy Court and receiving notice of the inaccurate information on Plaintiff's Experian Credit Report from Plaintiff's dispute letter to Equifax.

46. Instead, Equifax re-reported the Account inaccurately to Equifax.

### *The Continued Inaccurate Reporting of the Account on the Equifax Report*

47. On Equifax dispute results sent to Plaintiff pursuant to 15 U.SC. § 1681i(a)(6), dated December 26, 2019 ("Equifax Dispute Results"), Equifax and Outsource failed to accurately report the Account as discharged through Bankruptcy with a balance amount of $0.

48. Surprisingly, rather than updating the Account, Equifax and Outsource verified the information and simply left derogatory inaccurate information on the Equifax Dispute Results.

49. On the Equifax Dispute Results, Equifax and Outsource inaccurately reported that the Account contained a balance amount of $170.

50. Defendants reporting the Account with a balanceis especially inaccurate because Defendants noted the Account was also included in the Bankruptcy so the balance amount should have been $0.

51. Despite reporting a balance amount of $170, Equifax and Outsource also included in the response that the "account included in bankruptcy does not report any balance." This statement was extremely confusing and misleading in

conjunction with the $170 balance showing on the Outsource tradeline on Plaintiff's Equifax credit report.

52. Equifax and Outsource's reporting of a balance amount on the Account is incorrect as the debt was discharged in bankruptcy and therefore no amount is due or owing.

53. Outsource's failures were egregious in that Outsource received notice of Plaintiff's Bankruptcy discharge and notice of the inaccurate reporting on the Equifax Credit Report yet Outsource affirmed the inaccurate reporting of the Account to Equifax and caused the Account to continue to report inaccurately.

54. Equifax's failures were particularly noteworthy in that Equifax received notice of the inaccurate reporting on the Equifax Credit Report and had access to Plaintiff's publicly accessible Bankruptcy documents, yet Equifax continued to report the Account inaccurately.

### *Defendants' Failures and Plaintiff's Damages*

55. It is inaccurate to report an account has a balance amount when the account was instead discharged in bankruptcy and subsequently closed.

56. Reporting that an account has a balance amount when no amount is due or owing instead of reporting that the account was included in bankruptcy with a $0 balance amount is detrimental to a consumer's credit reputation.

57. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and again for the negative statuses.

58. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Outsource responding and verifying the incorrect information to the credit reporting agencies, Outsource failed to check Plaintiff's bankruptcy filings to ensure the Account was included in bankruptcy to aid Defendants in reporting the correct status of the Account.

59. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Equifax responding and verifying the incorrect information to Plaintiff, Equifax failed to conduct a reasonable investigation into Plaintiff's dispute by failing to check Plaintiff's bankruptcy filings to ensure the Account was included in the bankruptcy to aid in reporting the correct information on the Account.

60. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Outsource responding and verifying the incorrect information to the credit reporting agencies, Outsource failed to communicate with Equifax to aid in reporting the correct information on the Account.

61. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Equifax responding and verifying the incorrect information to Plaintiff, Equifax failed to communicate with Outsource to aid in reporting the correct status on the Account.

62. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status on the Account.

63. Therefore, upon receipt of Plaintiff's dispute, Defendants failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

64. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

65. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-

2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

66. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the Account by communicating Plaintiff's dispute with Defendants were futile.

67. Defendants' continued inaccurate and negative reporting of the Account in light of its knowledge of the actual error was willful.

68. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

69. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

72. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

73. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

74. Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

75. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 17, 2020                              Respectfully submitted,

                                                  By: */s/ Ryan McBride*
                                                      Ryan McBride, Esq.
                                                      *Attorney for Plaintiff*